IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| DENNIS P. MURPHY, as Personal §<br>Representative of the Estate of §<br>RAYMOND FRANCISCO, Deceased §<br>   *Plaintiff* §<br> §<br>v. §<br> §<br>NAVAJO EXPRESS, INC., §<br>GAIL MARY ROLAND, and §<br>LOVE'S TRAVEL STOPS & §<br>COUNTRY FOOD STORES, INC. §<br>   *Defendants* § | No. 1:20-cv-00192-KG-LF |

**PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE**

Plaintiff Dennis P. Murphy, as Personal Representative of the Estate of Raymond Francisco, Deceased, by and through the undersigned attorneys of record, SLOAN, HATCHER, PERRY, RUNGE, ROBERTSON, SMITH & JONES (John Sloan and Francheska Bardacke) respectfully request this Court modify the scheduling order and extend time for discovery for 60 days as authorized by Federal Rule of Civil Procedure 16(b)(4) for good cause shown from July 16, 2021 to September 14, 2021. Counsel for Defendants have been contacted and have not yet provided their position on this motion.

In support of this motion, Plaintiff submits the following:

1. There is currently no trial setting in this case.

2. This matter came before the Court on Plaintiff Dennis P. Murphy's Amended Motion to Compel Deposition Testimony filed on February 15, 2021 (Doc.65) and his Motion to Extend time for Expert Disclosure filed on March 1, 2021 (Doc. 69). The Court held a hearing on the motions on March 4, 2021. After conferring with counsel, the Court modified the case management deadlines as follows:

| | |
|---|---|
| a) Plaintiff's Rule 26(a)(2) expert disclosure: | May 3, 2021 |
| b) Defendant's Rule 26(a)(2) expert disclosure: | June 3, 2021 |
| c) Termination date for discovery: | July 16, 2021 |
| d) Motions relating to discovery to be filed by: | August 3, 2021 |
| e) Pretrial motions other than discovery motions (including motions which may require a *Daubert* hearing) filed by: | August 16, 2021 |
| f) Proposed Pretrial Order: Plaintiff to Defendant by: | September 29, 2021 |
| Defendant to Court by: | October 12, 2021 |

3. Today, July 16, 2021, Defendants conducted the deposition of Bynum Transport, Inc.'s corporate representative Gary Edward Brinkley. Bynum Transport is the trucking company for which Mr. Raymond Francisco, deceased, worked for at the time of the incident subject of this lawsuit. On the discovery deadline, the parties first became aware of multiple individuals who may have relevant knowledge of the facts or circumstances relating to the incident subject of this lawsuit. Plaintiff reasonably anticipates there may be additional witnesses either party may seek to depose resulting from the testimony of Bynum Transport's corporate representative at his deposition today on the discovery deadline.

4. On July 14, 2021, Plaintiff conducted the Deposition of Detective Rodriguez. On the same day, Defendants conducted the Deposition of Officer Whittsit. During the deposition of Officer Whittsit, Officer Whittsit testified that Officer Chabo Chischilly completed the crash diagram and took measurements at the scene of the incident. Certain measurements are on the crash report; however, it is unclear whether or not Officer Chischilly measured the distance between the tractor-trailer once stopped in the parking lot and Mr. Francisco's body after being run over and dragged by the tractor-trailer. Detective Rodriguez corroborated Officer Chischilly's role in the investigation and said that Detective Rodriguez had not himself taken any measurements at the

2

scene. Plaintiff has a substantial need to find out if Officer Chischilly took any additional measurements than those indicated on his diagram or has any independent recollection of the distance between the tractor-trailer and Mr. Francisco's body and/or drag marks at the scene.

5. Plaintiff has diligently requested the availability of Dr. Ian Paul from the Office of the Medical Examiner for several weeks. Plaintiff continuously called Dr. Paul's office with no response and was only recently informed that Dr. Paul is out of state through July 22, 2021. As a result, Plaintiff has been unable to schedule the deposition of Ian Paul before the July 16, 2021 scheduling deadline. Dr. Paul performed the autopsy in this case and Plaintiff has substantial need to depose Dr. Paul as a result. Plaintiff's case will be severally prejudiced without the opportunity to do so. As there is no trial setting in this case, Defendants will not be prejudiced by Plaintiff's proposed 60 day extension.

## ARGUMENT

A court can modify a scheduling order on a showing of good cause. Fed. R. Civ.P. 16(b)(4). When a party has diligently attempted to comply with a scheduling order but cannot reasonably meet the schedule, there is good cause to modify a scheduling order. *See Leviton Mfg. Co., Inc. v. Nicor, Inc.*, 245 F.R.D. 524, 528 (D.N.M. 2007).

There is good cause to modify the current scheduling order for several reasons. First, due to the fact Defendants deposed the corporate representative of Mr. Francisco's employer at the time of Mr. Francisco's death on the discovery deadline, Plaintiff has substantial need to review the deposition transcript and evaluate whether or not there are additional witnesses Plaintiff will seek to depose. Names of individuals who likely have relevant knowledge of the facts of this case were for the first time today disclosed. Plaintiff also has a substantial need to depose Officer Chischilly regarding whether or not additional measurements were taken other than those included

in the diagram on the police report and if he measured and/or recalls the distance between the tractor-trailer and Mr. Francisco's body. Finally, Plaintiff has diligently attempted to reach Dr. Paul to obtain his availability for deposition. There has been an extended period of no response from the Office of the Medical Examiner until very recently. Plaintiff did not have any information from the office to enable her to plan for extended out of state visits for which Dr. Paul would be unavailable, even for deposition taken by remote means.

## CONCLUSION

Because Plaintiff has diligently attempted to comply with the Court's scheduling order but cannot reasonably meet the discovery deadline for reasons stated herein, there is good cause for this Court to modify the scheduling order and enter an Order Extending Discovery Deadline 60 days to September 14, 2021. For these reasons, Plaintiff asks the Court to grant Plaintiff's motion, enter a modified scheduling order for good cause shown and as authorized by Federal Rule of Civil Procedure 6(b)(4).

Respectfully submitted,

SLOAN, HATCHER, PERRY, RUNGE, ROBERTSON, SMITH & JONES

**John D. Sloan, Jr.**
New Mexico Bar No. 147475
jsloan@sloanfirm.com
**Francheska M. Bardacke**
New Mexico Bar No. 143965
fbardacke@sloanfirm.com
509 Roma Ave. NW
Albuquerque, NM 87102
T: (903) 757-7000
F: (903) 757-7574

***ATTORNEYS FOR PLAINTIFF***

4

CERTIFICATE OF SERVICE (CMECF)

I hereby certify that on July 16, 2021, a true and correct copy of Plaintiff's Motion to Extend Discovery Deadline was electronically served via the CM/ECF system.

*/s/ Francheska M. Bardacke*
FRANCHESKA M. BARDACKE`