IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DENNIS P. MURPHY, as personal
representative of the Estate of
RAYMOND FRANCISCO, deceased,
ESTATE OF RAYMOND FRANCISCO,

        Plaintiffs,

vs.                                                                                          1:20-cv-00192-KG-LF

NAVAJO EXPRESS, INC., GAIL MARY
ROLAND, and LOVE'S TRAVEL STOPS &
COUNTRY FOOD STORES, INC.,

        Defendants.

**<u>ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE</u>**

THIS MATTER is before the Court on Plaintiff's Motion to Extend Discovery Deadline, filed on July 16, 2021. Doc. 92. Defendants filed a response (Doc. 93), and plaintiff filed a reply (Doc. 94). In his motion, plaintiff asks the Court to extend the deadline for discovery by an additional 60 days to allow him to take three additional depositions. *See* Docs. 92, 94. Defendants argue that the requested extension should be denied because plaintiff has not shown good cause for an extension. Doc. 93. Having reviewed the briefing and the relevant law, the Court finds plaintiff's motion is well-taken and it will be GRANTED.

"A schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The Tenth Circuit outlines the following factors for courts to consider in determining whether to reopen discovery:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987); *see also Skyline Potato Co. v. Tan-O-On Mktg., Inc.*, 285 F.R.D. 617, 628 (D.N.M. 2012).

The Court finds these factors weigh in favor of granting the requested extension. The first factor weighs in favor of plaintiff, as no trial date has been set in this case. The second factor weighs against granting the extension, as defendants oppose the extension. The third factor weighs strongly in favor of granting the extension, as defendants show little to no prejudice from granting the extension. Defendants argue that extending the discovery deadline past the deadline for dispositive and *Daubert* motions could result in prejudice to them. Doc. 93 at 2–3. However, this prejudice is easily remedied by extending all remaining scheduling order deadlines by a period of 60 days, as suggested by plaintiff in his reply. *See* Doc. 94 at 1, 6. In addition, the Court finds that defendants' complaints of "ongoing expense for additional unknown discovery" can be addressed by the extending the discovery period for the limited purposes of taking the depositions of Bynum Transport's safety manager, Officer Chischilly, and Dr. Ian Paul. *See id.* at 2–5. The additional expense of preparing for and attending these depositions is not prejudicial to defendants; it is an inherent cost of litigation. The fourth factor weighs in favor of granting the requested extension. The Court finds that plaintiff was diligent in his attempts to obtain discovery within the deadlines set by the Court. The fifth factor weighs in favor of granting the requested extension. The Court finds plaintiff has presented a reasonable explanation for why he did not depose Bynum Transport's safety manager and Officer Chischilly prior to the close of discovery. *See* Doc. 94 at 2–4. In addition, plaintiff was diligent in his attempts to depose Dr. Ian Paul prior to the close of discovery, but this deposition was delayed by the unforeseen unavailability of Dr. Paul in July 2021. *Id*. at 5. Finally, the sixth factor

weighs in favor of granting the extension: plaintiff has shown that the depositions are likely to lead to relevant evidence. *See* Doc. 94 at 2–5.

The Court extends the discovery deadline until September 14, 2021 for the following limited purposes only: (1) deposing Bynum Transport's safety manager (the manager in place at the time Mr. Francisco was killed), (2) deposing Officer Chischilly, and (3) deposing Dr. Ian Paul. The Court extends the other remaining scheduling order deadlines as follows:

| | | |
|---|---|---|
| a) | Motions relating to discovery to be filed by: | October 4, 2021 |
| b) | Pretrial motions other than discovery motions (including motions which may require a *Daubert* hearing) filed by: | October 15, 2021 |
| c) | Proposed Pretrial Order: Plaintiff to Defendant by: | November 29, 2021 |
| | Defendant to Court by: | December 13, 2021 |

All other deadlines and discovery parameters remain as previously set.

Plaintiff's Motion to Extend Discovery Deadline (Doc. 92) is GRANTED.

**IT IS SO ORDERED.**

_____
Laura Fashing
United States Magistrate Judge